UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FRANCISCO AVELLANEDA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-07-19 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION &ORDER**

Francisco Avellaneda ("Petitioner"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241 and 2254 (Dkt. No. 1). Respondent has filed a Motion for Summary Judgment (Dkt. No. 15), to which Petitioner has responded (Dkt. No. 22). Petitioner has also filed a Motion for Summary Judgment (Dkt. No. 22). Having considered the motions, response, record and the relevant law, the Court finds that Respondent's motion should be GRANTED, Petitioner's motion should be DENIED and Petitioner's habeas petition should be DISMISSED .

**Background**

Petitioner claims that his rights were violated in regard to disciplinary proceeding number 20070064360. Dkt. No. 1 at 5. Petitioner was charged with the prison disciplinary offense of creating a disturbance, a Level 2, Code 23.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders. Disciplinary Hearing Record ("DHR") at 1; TDCJ-CID Disciplinary Rules and Procedures for Offenders at 28 (defining creating a disturbance as "any act or activity which results in a significant disruption of institution operations or breach of institution security"). Petitioner is alleged to have pushed a "panic button" outside of the prison infirmary, which resulted

in the significant disruption of unit operations. *Id.* Petitioner was notified of this charge on November 1, 2006. *Id.* On November 3, 2006, Petitioner attended a disciplinary hearing where he was found guilty by a Disciplinary Hearing Officer ("DHO"), who assessed the following punishments:

1. loss of 45 days of commissary and recreation privileges;
2. 45 days of cell restriction;
3. a directive to remain in time-earning class L3; and
4. forfeiture of 10 days of good-time credit.

DHR at 1, 7; Disciplinary Hearing Tape ("DHT").

On November 20, 2006, Petitioner submitted a step-one grievance, thereby initiating grievance case number 2007047774 and appealing disciplinary case number 20070064360. Disciplinary Grievance Record ("DGR") at 1. Petitioner's step-one grievance was denied on December 12, 2006. DGR at 2. Appealing the result of his step-one challenge, on December 27, 2006, Petitioner submitted a step-two grievance, which was denied on January 22, 2007. *Id.* at 3-4. Finally, on February 12, 2007, Petitioner filed his federal petition for a writ of habeas corpus. Dkt. No. 1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In each of these challenges, Petitioner contends that the pushing of the panic button was accidental, the initial prison officials he communicated with concerning the incident informed him they understood it was accidental and to not worry about potential disciplinary action and later disciplinary action regarding the incident was unjust.

**Claims and Allegations**

The Court understands Petitioner to contend that his due process was violated based on the

following grounds:

    1.    The DHO was biased because he failed to consider Petitioner's version of the incident;

    2.    TDCJ-CID officials denied him an impartial disciplinary review because they did not dismiss or reduce the charge;

    3.    The action underlying his disciplinary proceedings was wrongfully re-examined; and

    4.    TDCJ-CID officials failed to abide by their own policies and procedures concerning a potential informal resolution of the matter.

## Exhaustion of Administrative Remedies

Respondent maintains that Petitioner's first, second and fourth claims have not been exhausted. Before filing a petition for a writ of habeas corpus in federal court, an inmate is required to exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). In the prison disciplinary context, this exhaustion requirement entails the pursuit of TDCJ-CID's internal grievance procedures. *Broussard v. Johnson*, 918 F. Supp. 1040, 1043 (E.D. Tex. 1996) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993)). The applicable grievance procedure is composed of two steps and a prisoner must present his claims in both steps before they are exhausted. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Additionally, inmates must present their claims in a procedurally correct manner to satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances, including futility of the administrative process. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994). To overcome the procedural bar, an inmate must show cause and

actual prejudice resulting from a procedural default. *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

The Court has reviewed the Disciplinary Grievance Records. Petitioner's claims regarding bias on the part of the hearing officer, impartial disciplinary review and violation of the TDCJ-CID's policies and procedures concerning an informal resolution of the matter are not mentioned in either grievance form.[1] Accordingly, the Court finds that these claims have not been exhausted. Any future attempts to exhaust these claims would, moreover, be futile as any subsequent grievances related to disciplinary case number 20070064360 would be untimely and thus unreviewable by TDCJ-CID officials. *See* TDCJ-CID Officer Orientation Handbook at 52-54 (offenders have 15 days from the date of the alleged incident in which to raise a step-one challenge and 15 days from the conclusion of a step-one grievance to challenge its conclusions via a step-two grievance). Petitioner has failed to establish any exception to the exhaustion requirements, and his unexhausted claims are thus procedurally barred.

Respondent concedes that Petitioner has sufficiently exhausted his administrative remedies as to his third claim, the contention that the action underlying his disciplinary proceedings was unjustly re-examined. After reviewing the record, the Court finds that Petitioner's third claim is not barred by a failure to exhaust administrative remedies.

## Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering

---

[1] In any event, and as discussed further below, the Court finds Petitioner's claims on such bases to be conclusory and without merit.

a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[2] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

---

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), cert. granted in part on other grounds, and dism'd, 541 U.S. 913 (2004). Therefore, 28 U.S.C. § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"-overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

**Discussion**

**I.     Non-Actionable Punishments—Loss of Privileges, Cell Restriction and Line-Class Status**

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). It is well-settled that inmates do not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 427 U.S. 215 (1976); TEX. GOVT. CODE § 498.003(a) (West 2007) ("Good conduct time is a privilege and not a right."). Furthermore, claims regarding temporary loss of commissary, recreation, visitation, and cell privileges are not actionable in federal court. *Sandin v. Conner*, 515 U.S. 472, 477 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483. Accordingly, the Court finds that Petitioner has failed to show a deprivation that entitles him to federal habeas corpus relief as to his loss of privileges, cell restriction and time-earning classification. Additionally, any adverse effects that Petitioner's disciplinary action may have had on his parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Nonetheless, Petitioner's loss of good-time credits remains actionable.

**II.    Actionable Punishment—Loss of Good-Time Credits**

Texas's mandatory supervised release scheme "creates a constitutional expectancy of early release and, as such, a liberty interest in previously earned good time credits." *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). Accordingly, Petitioner "is entitled to the minimum

procedures appropriate under the circumstances and required by the Due Process Clause to ensure that [his right to mandatory supervised release] is not arbitrarily abrogated." *Id.* at 774.

In the context of disciplinary proceedings that result in the forfeiture of good-time credits, due process requires "at a minimum, that there be 'some evidence' in the record to support the disciplinary decision." *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001) (citations omitted); *see also Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005) (holding prisoner was denied due process when he was disciplined and stripped of good-time credits because there was "no evidence" to support the offense charged); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (prison disciplinary hearing findings will not be disturbed unless they are arbitrary and capricious). Due process does not, however, include the right to confrontation. *Broussard*, 253 F.3d at 876. A single report supporting the charges generally constitutes "some evidence." *Morgan*, 433 F.3d at 458 (citing *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001)). Due process also requires that a prisoner be provided with (1) advanced written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not overly hazardous to institutional safety and correctional goals and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 556-70 (1974).

### A. Petitioner's Exhausted Claim

Petitioner's contends that the underlying events behind his disciplinary proceedings were unjustly re-examined in violation of his due process rights. Petitioner's rights, however, were satisfied and his good-time credits were taken in compliance with due process requirements. Although it is not entirely clear from the record whether there is any evidence to support the notion

that Petitioner intentionally pushed the panic button, the Offense Report states that Petitioner did indeed push the button, which resulted in a significant disturbance. DHR at 1. Petitioner concedes as much and merely contends the incident was brought about by accident. Nothing in the Offense Report or the TDCJ-CID Disciplinary Rules and Procedures for Offenders indicates that intent is a necessary element of the charge at issue here. *Id.*; TDCJ-CID Disciplinary Rules and Procedures for Offenders at 28. Thus, the Court concludes that sufficient evidence existed to support Respondent's disciplinary decision.

Petitioner, moreover, was given advanced written notice of the disciplinary hearing, was informed of his rights and was given the opportunity to call and question witnesses and present documentary evidence. DHR at 5; DHT. Two witnesses Petitioner requested were not present at the time of the incident, could not provide any relevant information and were thus not allowed at the disciplinary hearing. DHR at 7. Such a limitation, however, did not deprive Petitioner of his due process rights. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979).

Prison officials also provided Petitioner with a written report of the disciplinary hearing, stating the evidence relied upon and the reason for the disciplinary action. DHR at 1; DHT. Petitioner appeared at the hearing, spoke on his own behalf, and although the right to an attorney is not constitutionally mandated in these circumstances, Petitioner was provided such assistance. DHR at 5, 7; DHT. Thus, Petitioner's procedural due process requirements were satisfied and Petitioner's contentions to the contrary fail.

### B. Petitioner's Remaining Unexhausted Claims

To the extent Petitioner contends (1) the DHO was biased; (2) Petitioner was denied an impartial disciplinary and grievance review and (3) TDCJ-CID officials violated their own policies

and procedures, Petitioner's claims are wholly conclusory in nature and thus fail. In the Fifth Circuit, "[a]bsent evidence in the record, a court cannot consider a habeas petitioners bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner fails to offer any evidence in support of his allegations that the DHO was biased, that he was denied impartial review or that any TDCJ-CID policies or procedures were not complied with. Petitioner, moreover, fails to offer any evidence linking these supposed deficiencies with the deprivation of his good-time credits pursuant to disciplinary case number 20050217848.

Furthermore, the record completely belies Petitioner's contentions. First, the DHO was not evidently biased, as he actively asked questions of both Petitioner and the charging officer and acknowledged that although Petitioner may have hit the panic button on accident, the button was hit and a significant disturbance caused. DHT. Second, the hearing was impartial and prison polices were followed as sufficient evidence existed to support the disciplinary action, Petitioner's due process rights were adhered to and informal resolution was inappropriate in this case because of the offense's intolerable nature. DHR at 1, 3; DGR at 2,4; DHT. Aside from petitioner's own self-serving, conclusory allegations, he provides nothing in support of his claims, which are wholly refuted by the record. Accordingly, Petitioner's claims are without merit and should be dismissed.

## Certificate Of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Petitioner has not made a substantial showing that reasonable jurists would find the Court's rulings to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## Conclusion

Based on the foregoing:

1. Petitioner's Motion for Summary Judgment (Dkt. No. 22) is **DENIED**;

2. Respondent's Motion for Summary Judgment (Dkt. No. 15) is **GRANTED**;

3. This Petition for a Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED**; and

4. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

SIGNED this 23rd day of May, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE